ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONNIE MITCHELL,<br><br>    Defendant. | CASE NO. 23-CR-0016 SI<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: August 16, 2024<br>Hearing Time: 11:00 am<br><br>Hon. Susan Illston |

## INTRODUCTION

The defendant, Ronnie Mitchell, stands before the Court to be sentenced following his guilty plea in open court to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government submits this sentencing memorandum to inform the Court that it has no objections to the Presentence Report and to recommend that the Court sentence Defendant to a term at the low end of the Guidelines range of 77 months in custody, followed by three years of supervised release, a $100 special assessment, and forfeiture of the firearm and ammunition.

## **DEFENDANT'S OFFENSE CONDUCT**

On October 12, 2021, law enforcement officers were conducting surveillance on Defendant Mitchell because he was wanted for two outstanding warrants, including one related to an earlier high-speed chase and crash during which Mitchell fled from police. Mitchell is a member of the Eddy Rock gang, a violent street gang based in the Fillmore neighborhood of San Francisco. PSR ¶ 15, ¶ 44, n.4. Eddy Rock has been involved in a host of shootings and other acts of violence with its rivals in the neighborhood and elsewhere.[1] Officers observed him driving a grey Dodge Charger and then saw him back into the driveway of a residence a 1666 67th Ave in Oakland. Mitchell got out of the car and was talking with a number of other individuals who were on the porch and the front stairs. Officers then arrested him. After his arrest, officers located an AR-style firearm in the well of the driver's side of the Charger. That weapon was loaded with 58 rounds of 5.56 caliber and .223mm ammunition.



Mitchell not only had the firearm in his vehicle; it was in the driver's well of the car. In fact, based on the size of the weapon and its loaded magazine, it likely posed a challenge when driving.

---

[1] The violent rivalry between Eddy Rock and the Central Divisadero Players (CDP) was covered at length in a RICO / VICAR murder trial before Judge Orrick that focused on several members of CDP. *United States v. Alfonzo Williams, et al.*, 13-CR-0764 WHO (N.D. Cal.). In a 2017-18 trial, witnesses described routine acts of violence between these gangs. *See id.*, RT 4405ff, 4418-21, 4423-24 (describing rivalry in general); 4438, 4448; 4475-78, 4482-83 (discussing murders of CDP members by Eddy Rock); 4464-65, 4489, 4513, 4757 (CDP shootings at Eddy Rock members, including at a funeral for a slain Eddy Rock member); GX 389 (video of funeral shooting)).

US SENTENCING MEMORANDUM                    2
23-CR-0016 SI

When officers effected the arrest of Mitchell at 1666 67th Ave in Oakland, they conducted a sweep of the premises and obtained consent to search from the property owner. Inside the residence and in a shed in the backyard, they found an arsenal of weapons and ammunition, including additional assault-style firearms and high-capacity magazines.



The government has not charged Mitchell with constructive possession of these firearms, and he has not admitted any possession of them in his guilty plea. However, it is significant that these weapons were in the residence where Mitchell—armed with his own loaded assault weapon—arrived and backed down the driveway.

US SENTENCING MEMORANDUM                                                                                          3
23-CR-0016 SI

After his arrest, Mitchell was charged by Complaint with being a felon-in-possession of a firearm.  ECF No. 1.  While officers arrested Defendant in October 2021, he did not come to the Northern District to face these federal charges in until January 9, 2023.  ECF No. 6.  The reason for the delay was that Mitchell was serving a state prison sentence for felony convictions for evading police and for burglary.

## SENTENCING GUIDELINES CALCULATION

The Guidelines calculation for Defendant's conviction in the PSR is repeated below, based on the Guidelines for violations of 18 U.S.C. § 922(g)(1).

| | | | |
|---|---|---|---|
| a. | Base Offense Level: | | 22 |
| | U.S.S.G. §2K2.1(a)(3) | | |
| | (firearm with large capacity magazine after conviction for a crime of violence) | | |
| b. | Specific Offense Characteristics: | | |
| | U.S.S.G. §2K2.1(b)(4) | | +2 |
| | (stolen firearm) | | |
| c. | Acceptance of Responsibility: | | - 3 |
| | U.S.S.G. § 3E1.1. | | |
| d. | Adjusted Offense Level: | | 21 |

The government agrees with the Probation Officer that Defendant has thirteen criminal history points and is classified as a Criminal History Category VI.

## SECTION 3553(A) FACTORS

The factors listed under 18 U.S.C. § 3553(a) direct the Court to impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The key factors in this case are the nature and circumstances of the offense and the history and characteristics of the defendant, 3553(a)(1), the need for deterrence, 3553(a)(2)(B), and the Guidelines range, 3553(a)(4).  These factors indicate that a sentence of 77 months, the low end of the Guidelines range, is appropriate in this case.

With respect to the nature and circumstances of the offense, this is not a case where a defendant convicted of a non-violent felony is being prosecuted after being found with a firearm in a safe in his residence.  As the PSR shows, Defendant has multiple felony convictions, including for violence; he was driving around with a military-grade weapon loaded with nearly five dozen rounds of ammunition; that firearm was readily at hand; Defendant was arrested with other individuals who were likewise heavily armed; and he possessed the firearm at issue just weeks after his brother and fellow gang member was murdered by gunfire.

Although Defendant Mitchell is only 28 years old, this represents his eighth adult felony conviction, including for crimes of violence.  The most serious priors are his 2016 convictions for Threaten a Crime with Intent to Terrorize; two counts of Assault with a Deadly Weapon, Possible Great Bodily Injury; being a Felon in Possession of a Firearm; and Carrying a Loaded Weapon.  These convictions are the result of his arrest for First Degree Murder: Shooting from a Vehicle, which led to subsequent counts of Attempted Murder, Assault of a Person with a Semi-Automatic Firearm, and Shooting at an Inhabited Dwelling.  PSR ¶ 33.

Defendant's most recent conviction shows that he poses a danger to the public independent of his possession of firearms.  On May 15, 2015, officers observed Defendant driving erratically on highway I-580.  When they attempted to pull him over, he and the officers left the freeway on an offramp.  When officers left their patrol car to approach, Defendant turned his car on, accelerated, made a U-turn, and got back on the highway.  Defendant fled, reaching speeds of 130 miles per hour.  He almost hit several cars before other officers deployed a spike strip and flattened his tires.  Mitchell's car began to slow down and drift to the right, but it suddenly veered to the right, sped up an embankment, and then rolled over.  As the crash happened, officers observed a passenger being ejected from the car.  When the car came to rest, officers saw Mitchell run up the embankment on foot, but he was later arrested nearby. PSR ¶ 35.

The number of Defendant's prior convictions despite his young age is made even more stark by the fact that he has spent a considerable portion of the last several years in custody.  For example, following his 2014 arrest for carrying a loaded firearm in public, he received a sentence of 16 months in prison.  PSR ¶ 32.  His 2016 arrest for attempted murder and convictions for terroristic threats and other

crimes resulted in a 68-month term in prison. PSR ¶ 33. Most recently, Defendant has been in continuous custody since May 2021. PSR ¶¶ 35, 52.

A key factor for the Court to assess with respect to the danger that Mitchell presents to the community is the fact that he is a member of the violent Eddy Rock street gang. As the PSR indicates, SFPD has identified Defendant as a member of that enterprise. This is supported by the fact that in the incident report of Mitchell's October 12, 2021 arrest, four separate SFPD officers indicated Mitchell as a member of Eddy Rock.

Defendant's connection to Eddy Rock, and the violence that this enterprise generates can be seen in the tragic circumstances of his brothers' deaths. The first was Steven Mitchell, Defendant's older brother, who was also an Eddy Rock member. PSR ¶ 44, n.4. Steven Mitchell was murdered by gunfire in Vallejo, CA, on September 15, 2021, less than a month before Defendant Mitchell was found in possession of the loaded AR-15 firearm in his car. PSR ¶ 44, n.4. A reasonable inference is that Defendant possessed that weapon either for protection from a similar attack, for the purpose of retaliation against his brother's killers, or for both reasons.

Defendant's second brother who was killed was Paris Moffett, Jr., another member of Eddy Rock and Defendant's stepbrother. PSR ¶ 45, n.5. Mr. Moffett, Jr. was murdered on March 11, 2023, at age 23. PSR ¶ 45, n.5. He was in a rehabilitation hospital in Oakland recovering from an earlier shooting when two men entered the facility searching for him. They were encountered by staff who directed them to leave and began escorting them out. While leaving, one of the men went into Mr. Moffett, Jr.'s room, saw him lying in a hospital bed, and shot him multiple times with a handgun, killing him.

Paris Moffett, Jr., is the son of Paris Moffett, Sr., another Eddy Rock gang member and Defendant Mitchell's stepfather. *See United States v. Paris Moffett*, CR 08-0200 MMC, ECF No. 42 at 4 (N.D. Cal. 2009) (Judgment).

While the defendant has indicated that he intends to change his life, commit to his wife and new child, and work a legitimate job, PSR ¶¶ 52-53, to this point, the Court must contend with Defendant's record. And that record shows that none of the prior convictions or periods in custody to this point have had a deterrent effect. In fact, they show probation and parole revocations and continued dangerous

criminal conduct. Defendant's recent term of 68 months of state custody was insufficient deterrence. PSR ¶ 33. This indicates that additional time is necessary, which supports the government's recommended term of 77 months.

The circumstances of Defendant's possession of the firearm in this case—the nature of the weapon, the number of rounds with which it was loaded, the likelihood of its use in retaliation for a prior murder, and Defendant's record—indicate that this crime is more serious than the heartland of other Section 922(g)(1) convictions. These circumstances could support an upward variance from the Guidelines. However, a term at the low end of the Guidelines range is sufficient, but not greater than necessary, because Defendant Mitchell has accepted responsibility relatively early and has expressed at least a desire to move his life in a different direction.

## CONCLUSION

For the reasons set forth above and in the Presentence Report, the government respectfully requests that the Court sentence Defendant Ronnie Mitchell to a term of 77 months in custody and three years of supervised release.

DATED: August 12, 2024

Respectfully submitted,

ISMAIL J. RAMSEY  
United States Attorney

___/s/ *Kevin J. Barry*_____  
KEVIN J. BARRY  
Assistant United States Attorney